UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH AMEY, et al.,

Plaintiffs,

v.

ANDREW PATTERSON et al.,

Defendants.

No. 2:24-cv-02232-TLN-CSK

**ORDER**

This matter is before the Court on Plaintiffs Joseph Amey and Warren Amey's ("Plaintiffs") Motion to Modify the Scheduling Order. (ECF No. 20.) Defendants Andrew Patterson, Andrew Falvey, Najee Burge, and County of Sacramento ("Defendants") filed an opposition. (ECF No. 21.) Plaintiffs did not file a reply. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Modify the Scheduling Order.

///

///

///

///

## I. Factual and Procedural Background

The instant action arises from a dispute regarding alleged unlawful arrest, seizure, and use of force by Defendants on Plaintiffs. (ECF No. 1.) Plaintiffs filed their Complaint on August 16, 2024. (*Id.*) Defendants answered on October 16, 2024. (ECF No. 4.) The parties attended a settlement conference before a magistrate judge on June 17, 2025. (ECF No. 13.) The case did not settle. (*Id.*)

The parties have twice filed joint motions to modify the scheduling order. (ECF Nos. 14, 17.) Both times, the Court granted the motion. (ECF Nos. 15, 18.) The current operative scheduling order, ordered on January 15, 2026, set the following deadlines:

Fact discovery cutoff: April 14, 2026

Expert witness disclosure: May 15, 2026

Supplemental expert disclosure: June 15, 2026

Dispositive motion deadline: September 14, 2026

(ECF No. 18 at 4.) Defendants filed their expert disclosures on May 15, 2026. (ECF No. 19.) On June 15, 2026, Plaintiffs filed the instant motion to modify the scheduling order. (ECF No. 20.) Plaintiffs seek the following extensions:

Fact discovery cutoff: 45 days from the date of the court's order

Expert witness disclosure: 75 days from the date of the court's order

Supplemental expert disclosure: 105 days from the date of the court's order

Dispositive motion deadline: 165 days from the date of the court's order.

(ECF No. 20-1 at 5.)

Plaintiffs move to reopen fact discovery to complete a final deposition and request the Court "extend the related expert disclosure and dispositive motion deadlines accordingly." (*Id.* at 2.) Defendants oppose only Plaintiffs' request to extend the expert discovery deadlines. (ECF No. 21.) Defendants do not oppose a "limited extension of the fact discovery cut-off for the sole purpose of completing the outstanding PMK deposition" or an extension to the dispositive motion deadline. (*Id.* at 5.)

///

## I. STANDARD OF LAW

Under Federal Rule of Civil Procedure ("Rule") 16(b)(4), a scheduling order may be modified upon a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citation omitted).

Rule 6 permits a court to grant an extension of time after a deadline has expired, for good cause and "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Courts analyzing excusable neglect employ an "equitable analysis" which includes the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The determination of excusable neglect is an "equitable one" and not limited to the four-factor test. *Id.* The Ninth Circuit has held that the Supreme Court's analysis of excusable neglect *in Pioneer* applies in this context. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

## II. ANALYSIS

Plaintiffs assert the following: (1) good cause exists to modify the scheduling order because Plaintiffs have been diligent throughout discovery; (2) completion of the PMK deposition is necessary for Plaintiffs to prepare their case and consult with experts; (3) the requested extension is narrowly tailored, and (4) Defendants will not be prejudiced. (ECF No. 20-1 at 3–5.) In response, Defendants argue: (1) excusable neglect, rather than good cause, is the correct legal standard; and (2) Plaintiffs fail to show excusable neglect. (ECF No. 21 at 4–5.)

The Court agrees with Defendants. The fact discovery cutoff expired on April 14, 2026, and the expert disclosure deadline expired on May 15, 2026 — two months and one month, respectively, before Plaintiffs filed the instant motion on June 15, 2026. (ECF No. 18 at 4, ECF

No. 20.) Plaintiffs therefore must show both good cause under Rule 16(b)(4) and excusable neglect under Rule 6(b)(1)(B) to extend those deadlines. Plaintiffs do not address excusable neglect and did not file a reply. The Court nevertheless considers whether the circumstances Plaintiffs describe satisfy that standard.

The Court addresses the fact discovery, dispositive motion, and expert discovery deadlines in turn.

A. Limited Fact Discovery Extension for PMK Deposition

Regarding the fact discovery deadline, Plaintiffs assert Defendants produced an inadequately prepared PMK deponent on March 31, 2026. (ECF No. 20-1 at 3.) Plaintiffs further assert following this deposition, they "raised concerns regarding the adequacy of the PMK testimony and requested that Defendants produce an alternate witness . . ." (*Id.*) Plaintiffs then describe the parties "attempted to resolve the issue cooperatively," and now an extension is necessary to complete the remaining deposition. (*Id.* at 4.)

Defendants provide a more robust timeline. Defendants assert on "May 6, 2026, Plaintiffs' counsel contacted Defense counsel to ask if counsel would agree to a third stipulation" so the PMK deposition could be taken. (ECF No. 21 at 3.) Defendants further assert Plaintiffs' counsel affirmed the PMK deposition would be the "last . . . of fact discovery." (*Id.*) Defendants claim defense counsel responded to Plaintiffs' counsel on May 7, 2026 and confirmed Defendants would stipulate to an extension so the PMK deposition would move forward. (*Id.*) However, Defendants assert, Plaintiffs' counsel sent defense counsel a stipulation "not limited to the completion of the PMK deposition. Rather, Plaintiffs' Third Stipulation proposed to extend both fact and expert discovery more broadly." (*Id.* at 3.) Defense counsel agreed to extend the discovery cutoff for the final PMK deposition but would not agree to otherwise extending fact or expert discovery. (*Id.*)

The Court finds good cause and excusable neglect to extend the fact discovery deadline for completion of the PMK deposition only. There is no prejudice to Defendants, who agree to the extension. The Court finds Plaintiffs acted in good faith and demonstrated diligence. As trial has not been scheduled and the case age is in part due to informal discovery and settlement

attempts early on, the delay and its impact are not determinative. (ECF No. 13, ECF No. 18 at 2.) The Court will limit the extension to 30 days, which the Court deems sufficient to schedule and complete a single deposition.

The Court GRANTS Plaintiffs' motion to extend the fact discovery deadline and extends the fact discovery deadline 30 days from the electronic filing date of this Order. The fact discovery extension shall be limited to a single deposition of "individual[] most knowledgeable about the topics listed in the notice of deposition served by Plaintiffs on December 8, 2025" ("PMK deposition"). (*See* ECF No. 18 at 2, ECF No. 21 at 5.)

B. Dispositive Motion Deadline

Defendants do not oppose extending the dispositive motion deadline. (ECF No. 21 at 5.) The dispositive motion deadline is related to the fact discovery cutoff. Where there is no prejudice to Defendants and the deadline had not passed at the time the instant motion was filed, the Court finds good cause to extend the dispositive motion deadline. The Court determines an extension of 90 days from the electronic filing date of this Order is appropriate.

C. Expert Discovery Deadlines

Plaintiffs have not demonstrated excusable neglect in their failure to meet the expert discovery deadlines. The expert witness disclosure deadline was May 15, 2026. (ECF No. 18 at 4.) Yet rather than argue excusable neglect exists to reopen expert discovery, or even good cause for the request, Plaintiffs piggyback the expert deadlines onto a fact discovery related request without any substantive argument.

Plaintiffs argue in a conclusory fashion "[a] brief extension will ensure that expert opinions and dispositive motion practice are based upon the most complete factual record available." (ECF No. 20-1 at 4.) Yet, Plaintiffs themselves state "the parties have diligently completed substantial discovery, including the depositions of both Plaintiffs and all three Defendant deputies." (*Id.* at 3.) Having completed substantial discovery, Plaintiffs present no argument why they could not complete expert disclosures because of the PMK testimony.

Furthermore, Plaintiffs attempt to pull the proverbial wool over the Court's eyes, arguing the requested modification is narrowly tailored "because Plaintiffs do not seek to reopen fact

discovery generally," instead extending fact discovery and "adjust[ing] the related deadlines that depend upon the completion of that discovery." (*Id.* at 4.) The Court finds this disingenuous. Plaintiffs seek to reopen expert discovery and bury the request within a fact discovery extension label. Defendants argue "Plaintiffs have declined to offer any good reason for their failure to disclose experts by the deadline of May 15, 2026." (ECF No. 21 at 4.) The Court agrees. Plaintiffs blew the deadline and now seek to reopen expert discovery without explaining their failure.

On the excusable neglect factors, Defendants do not argue they are prejudiced, nor does the Court identify any prejudice to Defendants in reopening expert discovery. (*Id.*) For the same reasons stated above, the length of delay and its potential impact on judicial proceedings are non-consequential. On this record, there is no evidence of bad faith, although the gamesmanship presented by Plaintiffs in their request is not a picture of good faith before the Court.

However, the reason for the delay, including if it was within the reasonable control of Plaintiffs, is a key factor in the Court's analysis. Plaintiffs offer no argument for the reason for the delay, nor any explanation as to why they filed the motion one month after expert disclosures were due. Plaintiffs state the inadequate deposition necessitating an additional PMK deposition happened on March 31, 2026. (ECF No. 20-1 at 3.) The allegedly inadequate deposition was a full month and a half before the May 15, 2026 expert disclosure deadline. Plaintiffs fail to establish they were unable to make any expert disclosures by the deadline. It was well within the reasonable control of Plaintiffs to move for an extension of the expert discovery deadlines before they came and went if they determined the PMK deposition was critical. The reason for delay weighs heavily against Plaintiffs.

In sum, after reviewing for good cause, the *Pioneer* factors, and considering all relevant circumstances, the Court finds Plaintiffs fail to establish excusable neglect. The Court DENIES Plaintiffs' request to reopen expert discovery.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion to Modify the Scheduling Order. (ECF No. 20.) Plaintiffs' request to reopen

expert discovery is DENIED.[1] Plaintiffs' request to extend fact discovery and the dispositive motion deadline is GRANTED. The relevant deadlines are ordered as follows:

Fact discovery cutoff (limited to the PMK deposition): 30 days from the electronic filing date of this Order.

Dispositive motion deadline: 90 days from the electronic filing date of this Order.

IT IS SO ORDERED.

DATE: November 9, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

[1] Because Plaintiffs made no initial expert disclosure and the Court finds Plaintiffs fail to establish excusable neglect, no extension of the supplemental disclosure deadline is warranted either.